IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN L. WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONAL OFFICER J. ) <br> GARCIA, ) <br> ) <br> Defendant. ) <br> _____ ) | No. C 02-3813 MMC (PR) <br> <br> **ORDER DENYING PLAINTIFF'S MOTION FOR REARGUMENT AND AMENDMENT OF JUDGMENT** <br> <br> **(Docket No. 66)** |

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, the Court granted defendant's motion for summary judgment, and denied plaintiff's motion to delay judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Now before the Court is plaintiff's "Motion for Reargument and Amendment of Judgment" pursuant to Rule 59 of the Federal Rules of Civil Procedure, by which plaintiff seeks, in essence, reconsideration of the judgment entered in favor of defendant.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). In particular, a motion for reconsideration under Rule 59(e) "'should not be granted, absent

1  highly unusual circumstances, unless the district court is presented with newly discovered
2  evidence, committed clear error, or if there is an intervening change in the law.'" <u>McDowell</u>
3  <u>v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).  In the instant
4  motion, plaintiff has presented no newly discovered evidence or any intervening change in
5  the law, nor does plaintiff show the Court has committed "clear error."

6        First, plaintiff reiterates the arguments he raised in connection with his Rule 56(f)
7  motion for delay of judgment.  For the reasons set forth in the Court's order denying that
8  motion, the arguments are without merit.

9        Next, plaintiff asserts that the Court failed to consider certain reports, which, plaintiff
10 contends, demonstrate summary judgment should not have been granted in favor of
11 defendant.  Plaintiff initially submitted the reports to the Court, along with other documents,
12 on June 6, 2003, prior to the filing of defendant's motion for summary judgment.  In an order
13 filed June 13, 2003, the Court stated it would consider those documents in conjunction with
14 its determination of any dispositive motion.  Thereafter, the reports, including an incident
15 report prepared by defendant, became part of the papers the Court considered prior to
16 granting defendant's motion for summary judgment.  In the instant motion, plaintiff fails to
17 specify, and the Court cannot discern upon reviewing the reports again, how anything
18 contained therein would create a genuine issue of material fact with respect to whether
19 defendant violated plaintiff's constitutional rights.

20       Accordingly, plaintiff's Motion for Reargument and Amendment of Judgment is
21 hereby DENIED.

22       This order terminates Docket No. 66.
23       IT IS SO ORDERED.

24 DATED: January 27, 2006

25                       _____
                         MAXINE M. CHESNEY
26                          United States District Judge

27
28